UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL RARIDAN,<br><br>　　　　　Defendant. | Case No. 6:22-mj-0009-HBK<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 20) |

　　　Pending before the Court is Defendant's motion to dismiss. (Doc. No. 20). The Government filed an opposition and Defendant filed a reply (Doc. Nos. 26, 29). For the reasons set forth below, the Court denies the motion.

**BACKGROUND**

　　　On July 14, 2022, a criminal complaint was filed charging Defendant with violating 18 U.S.C. § 1801(a) (video voyeurism) a Class A misdemeanor, and 36 C.F.R. § 2.34(a)(2) (disorderly conduct) a Class B misdemeanor. (Doc. No. 1).[1] According to the probable cause statement, at approximately 10:00 p.m. on July 4, 2022, K (an off-duty law enforcement officer) was using a community shower facility within the boundaries of Yosemite National Park when

---

[1] The criminal complaint was sealed to protect the identity of the victim. (*See* Doc. No. 5, 6).

1  she noticed the top portion of a smart phone camera protruding over the edge of a window vent
2  into her shower stall. (*Id*.). K "shouted at the individual holding the phone/camera," immediately
3  covered herself with a towel and began searching the area with her dog. (*Id*.). K discovered
4  Defendant "hiding underneath a government vehicle" adjacent to the shower house. (*Id*. at 2). K
5  recognized Defendant from a previous interaction and confronted him. (*Id*. at 2). The
6  confrontation escalated to loud shouting which was heard by at least one resident of a nearby
7  trailer court. (*Id*.). The resident "[came] out to see if everything was alright[.]" (*Id*.).

8  Defendant denied taking photos of K but showed her a video that captured the "bottom
9  right side of the ventilation window into the shower stall." (*Id*.). Defendant told K "He just
10 couldn't help himself." (*Id*.). K reported the incident to Officer Brandon Penrose the next
11 morning at approximately 8:15 a.m. (*Id*. at 1).

12 On July 19, 2022, the Government filed a Superseding Information charging Defendant on
13 Count One with violating 18 U.S.C. § 1801(a), intend to capture an image of a private area of an
14 individual without their consent, and knowingly did so under circumstances in which the individual
15 has a reasonable expectation of privacy. (Doc. No. 3). On July 27, 2022, the Government filed a
16 Second Superseding Information, charging Defendant on Count One, violating 18 U.S.C. §
17 1801(a), intend to capture an image of a private area of an individual without their consent, and
18 knowingly did so under circumstances in which the individual has a reasonable expectation of
19 privacy (a Class A misdemeanor); and on Count Two, violating 36 C.F.R. § 2.34(a)(2), commit
20 an obscene act that was likely to incite an immediate breach of peace (a Class B misdemeanor).
21 (Doc. No. 8). Defendant was arrested in Nevada, released from custody on terms, and appeared
22 for his initial appearance before the undersigned on August 16, 2022. (Doc. Nos. 10, 14). At his
23 initial appearance held before the undersigned, Defendant asserted his right to proceed before a
24 district judge on the Class A misdemeanor. (Doc. No. 14).

25 On September 12, 2022, the Government filed a Rule 48 motion to dismiss Count One, 18
26 U.S.C. § 1801(a), the Class A misdemeanor, without prejudice. (Doc. No. 15). The district court
27 granted the Government's motion, dismissed Count One without prejudice, closed case no. 1:22-
28 cr-00226-ADA-HBK, and reset the matter for a status conference and arraignment before the

1   undersigned on Count Two, the Class B misdemeanor.  (Doc. No. 16).  On October 4, 2022,
2   Defendant was arraigned before the undersigned on Count Two of the Second Superseding
3   Information and entered a not guilty plea.  (Doc. No. 19).
4         Defendant filed the instant motion to dismiss pursuant to Fed. R. Crim. P. 12(b)(1) and
5   Local Rule 430.1.  (Doc. No. 20).  Defendant seeks the dismissal of Count Two on the basis that
6   36 C.F.R. § 2.34(a)(2) is unconstitutionally vague, facially, and as applied under the Fifth
7   Amendment Due Process Clause.  (*Id*. at 1).   Defendant correctly notes to obtain a conviction,
8   the Government must prove both the *mens rea* and *actus reaus* elements of 36 C.F.R. §
9   2.34(a)(2).  (*Id*. at 6).  Focusing on the "immediate breach of peace portion" of the regulation, as
10  expressly charged in the Second Superseding Information, and relying on *Chaplinsky's* "fighting
11  words" origin, Defendant contends 36 C.F.R. § 2.34(a)(2) was drafted only to prohibit language
12  or expressive conduct that would cause a breach of peace, not non-expressive conduct.  (*Id*. at 7-
13  8).  Defendant argues the statute at issue was not promulgated to prohibit <u>acts</u> that would cause a
14  breach of peace but was written only to prohibit language or expressive conduct.  (*Id*. at 8,
15  emphasis added).   Defendant also argues the regulation, in addition to being vague, is arbitrarily
16  enforced.  (*Id*. at 8-9).  Defendant points to the "the way in which the charging decisions were
17  made in the case" as demonstrative that § 2.34(a)(2) is a "catch-all criminal provision that
18  encourages arbitrary enforcement."  (*Id*. at 9).
19        In opposition, the Government points out the Ninth Circuit has already determined that 36
20  C.F.R. § 2.34 is not unconstitutionally vague.  (Doc. No. 26 at 4).  The Government argues
21  Defendant's conduct clearly is "obscene" as prescribed by 36 C.F.R. § 2.34(a)(2) and would also
22  likely incite an immediate breach of peace.  (*Id*. at 4-7).  The Government contends that the
23  phrase "immediate breach of peace" applies not only to verbal statements but to acts.  (*Id*. at 8).
24  As a result, the Government maintains Defendant's conduct falls clearly within the bounds of the
25  regulation.  (*Id*. at 9).  Because Defendant's as-applied challenge fails, the Government reasons
26  the Court need not address the facial challenge; but in an abundance of caution addresses the
27  facial challenge.  (*Id*. at 9-11).
28      ////

Defendant replies that the Government's assertion that they will likely file another superseding information supports the position that 36 C.F.R. § 2.34(a)(2) is unconstitutionally vague and encourages arbitrary and discriminatory enforcement. (Doc. No. 29 at 2). Finally, Defendant addresses the Government's argument that his as-applied challenge fails. (*Id*. at 3-4).

## APPLICABLE LAW AND ANALYSIS

The Court may properly consider Defendant's pretrial motion to dismiss Count Two of the Second Superseding Information on the basis that 36 C.F.R. § 2.34(a)(2) is unconstitutionally void for vagueness. Fed. R. Crim. P. 12(b)(3)(B)(v); *see also United States v. Agront*, 773 F.3d 192, 195 (9th Cir. 2014). A challenge to a statute or regulation as void for vagueness arises from the Fifth Amendment. *United States v. Williams*, 553 U.S. 285, 304 (2008). When analyzing whether a statute is impermissibly, vague, "the touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *United States v. Lanier*, 520 U.S. 259, 267 (1997). A statute is impermissibly vague if it fails to provide people of ordinary intelligence a reasonable opportunity of what conduct it prohibits, or if it authorizes or even encourages arbitrary and discriminatory enforcement. *Hill v. Colorado,* 530 U.S. 703, 732 (2000). When a defendant brings forth an as-applied challenge but does not argue that his First Amendment rights are at issue, the court need only "examine the vagueness challenge under the facts of the particular case and decide whether, under a reasonable construction of the statute, the conduct in question is prohibited." *Agront,* 773 F.3d at 195 (quoting *United States v. Naghani*, 361 F.3d 1255, 1259-60 (9th Cir. 2004)) (other citation omitted). Absent "exceptional circumstances," a finding that the conduct fell within the challenged regulation, i.e., failing to sustain an as applied vagueness challenge, precludes a facial vagueness challenge. *Kashem v. Barr*, 941 F.3d 358, 375 (9th Cir, 2019); *United States v. Melgar-Diaz*, 2 F.4th 1263, 1270 (9th Cir 2021).

Defendant does not raise a First Amendment issue. (*See* Doc. No. 20). The Court thus only examines Defendant's vagueness challenge under the facts particular to his case. *See Agront*, 773 F.3d at 195 (citations omitted). Relevant here is the statute with which Defendant was charged—disorderly conduct.

>(a) A person commits disorderly conduct when, with intent to cause public alarm, nuisance, jeopardy or violence, or knowingly or recklessly creating a risk thereof, such person commits any of the following prohibited acts:
>
>. . .
>
>(2) Uses language, an utterance, or gesture, or engages in a display or act that is obscene, physically threatening or menacing, or done in a manner that is likely to inflict injury or incite an immediate breach of the peace.

36 C.F.R. § 2.34(a)(2).  The Second Superseding Information alleges Defendant committed disorderly conduct by "commit[ing] an obscene act that was likely to incite an immediate breach of peace."  (Doc. No. 8).

   Defendant does not appear to challenge whether his alleged conduct constitutes an obscene act, nor can he.  Although the regulation does not explicitly define what acts are "obscene," the Court gives the term its "'ordinary contemporary meaning,' and 'may consult dictionary definitions.'"  *City of Los Angeles v. Barr*, 941 F.3d 931, 940 (9th Cir. 2019) (quoting T*answestern Pipeline Co. v. 17.19 Acres of Prop. Located in Maricopa Cty.*, 627 F.3d 1268, 1270 (9th Cir. 2010)).  Black's Law Dictionary defines obscene as "[e]xtremely offensive under contemporary community standards of morality and decency; grossly repugnant to the generally accepted notions of what is appropriate."  OBSCENE, Black's Law Dictionary (11th ed. 2019).  Defendant is charged with allegedly using the camera on his smart phone to record K, while she was showering in a community shower facility in Yosemite National Park.  It is axiomatic that contemporary community standards of morality and decency afford people with an expectation of privacy while they are showering inside a shower facility and do not expect to be recorded or attempted to be recorded.  The Court concurs with the Government's comparison of Defendant's alleged conduct to being akin to that of a "Peeping Tom," conduct which long has been deemed repugnant.  (*See* Doc. No. 26 at 4-5).

   Defendant instead challenges § 2.34 "likely to . . . incite an immediate breach of the peace" as vague.  The Ninth Circuit has already determined that 36 C.F.R. § 2.34 is not unconstitutionally vague.  *United States v. Coutchavlis,* 260 F.3d 1149, 1155 (9th Cir. 2001).  Notably, Defendant-Appellant Coutchavlis challenged the statute under § 2.34(a)—prohibiting

conduct that is "physically threatening or menacing," that created risk of "public alarm, nuisance, jeopardy or violence," but the Ninth Circuit addressed the statute in broad terms, concluding the regulation as a whole contained "only 'common words,' easily understandable by 'people of ordinary intelligence.'" *Id*. at 1155 (quoting *Hill*, 530 U.S. at 732). Thus, Defendant's argument that 36 C.F.R. § 2.34 is void for vagueness because the regulation does not "define the conduct it prohibits with sufficient definiteness" (Doc. No. 20 at 6) (citation omitted) arguably is foreclosed by the Ninth Circuit's ruling. *Coutchavlis*, 260 F.3d at 1155.

Similarly, the Ninth Circuit has already established that the "incite immediate breach" portion of the regulation tracks with "fighting words" as defined by the Supreme Court in *Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942). *United States v. Poocha*, 259 F.3d 1077, 1080 (9th Cir. 2001). Fighting words are described by the Supreme Court as "those which by their very utterance inflict injury or tend to incite an immediate breach of peace" or "likely to provoke the average person to retaliation and thereby cause a breach of peace." *Chaplinsky*, 315 U.S. at 572, 574. Defendant argues that this history limits the "breach of peace" aspect of the regulation to only verbal or expressive conduct. The Court disagrees.

A review of the legislative history of 36 C.F.R. § 2.34(a)(2) verifies that the regulation does not delineate between verbal and non-verbal actions but instead the regulation applies to all actions. General Regulations for Areas Administered by the National Park Service, 48 FR 30252 (1983) ("forbidding <u>actions</u> that are obscene, physically threatening, or constitute "fighting words" – those that result in a "clear and present danger" of violence or physical harm.") (emphasis added). The legislative history of the regulation incorporates and parallels the Supreme Court's use of "fighting words" as described *supra*, explaining that actions which fall within the purview of § 2.34(a)(2) can be non-verbal actions that "result in a 'clear and present danger' of violence or physical harm." *Id*. The Court finds the phrase "likely to inflict injury or incite an immediate breach of the peace" applies with equal force to "language, an utterance, or gesture, or . . . act." *See U.S. v. Lanen*, 716 F. Supp. 208 (D. Md. 1989) (finding defendant's action of exposing himself in public restroom constituted disorderly conduct under 36 C.F.R. § 2.34).

Here, Defendant's alleged non-verbal conduct of using the camera on his smart phone to record K while showering is likely to incite an immediate breach of the peace. K was showering in a public shower house. Defendant allegedly used his camera of his phone to record this private act—disturbing the very tranquility of her showering. Further, the criminal complaint indicates K confronted the Defendant and the confrontation escalated into loud shouting, loud enough that at least one resident in a nearby trailer court heard the shouting and went to the scene to see if everything was alright. (Doc. No. 1 at 2). Defendant's argument that "he would have no idea whether his conduct was done in a manner likely to cause a breach of peace" (Doc. No. 20 at 9:18-19) is belied by the alleged fact that he hid under his truck to avoid an obvious confrontation with K.

Defendant had fair notice that his alleged conduct, using the camera of his smart phone to record K while she was in a public shower is considered an obscene act likely to incite an immediate breach of peace. Defendant's alleged conduct falls within conduct prohibited by 36 C.F.R. § 2.34(a)(2), he cannot claim the regulation is impermissibly vague that it results in arbitrary enforcement. *Melgar-Diaz*, 2 F.4th at 1270 (quoting *Coscia*, 866 F.3d at 794). Further, because 36 C.F.R. § 2.34 is not vague as applied to Defendant, the Court declines to reach Plaintiff's facial vagueness challenge. *Kashem v. Barr*, 941 F.3d 358, 364 (9th Cir. 2019) (*citing Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc*., 455 U.S. 489, 505 (1982)).

"Defendants 'cannot claim that an impermissibly vague statute has resulted in arbitrary enforcement when their conduct falls within the provision's prohibited conduct.'" *United States v. Melgar-Diaz*, 2 F.4th 1263, 1270 (9th Cir 2021) (quoting *United States v. Coscia*, 866 F.3d 782, 794 (7th Cir. 2017)). Citing *Farrell v. Burke*, the Ninth Circuit also noted that "an as-applied arbitrary enforcement challenge fails if 'the conduct at issue falls within the core of the statute's prohibition, so that the enforcement before the court was not the result of the unfettered latitude that law enforcement officers and factfinders might have in other, hypothetical applications of the statute[.]'" *Melgar-Diaz*, 2 F.4th at 1270 (quoting 449 F.3d 470, 494 (2d Cir. 2006)).

////

1   Accordingly, it is **ORDERED**:

2   Defendant's motion to dismiss (Doc. No. 20) is DENIED.

3

4   Dated:   April 7, 2023

5   HELENA M. BARCH-KUCHTA
    UNITED STATES MAGISTRATE JUDGE