**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Appellee-Plaintiff,<br><br>v.<br><br>MICHAEL P. RARIDAN,<br><br>          Appellant-Defendant. | Case No. 1:23-cr-0239 JLT<br>(Mag. No. 6:22-mj-009 HBK)<br><br>ORDER AFFIRMING THE MAGISTRATE JUDGE'S DENIAL OF DEFENDANT'S MOTION TO DISMISS AND AFFIRMING DEFENDANT'S CONVICTION<br><br>(Docs. 32, 40.) |

I.    **INTRODUCTION**

On July 14, 2022, Michael Raridan was charged with violating 18 U.S.C § 1801(a), video voyeurism, a Class A misdemeanor[1], and 36 C.F.R. § 2.34(a)(2) (the "regulation"), disorderly conduct, a Class B misdemeanor.  (Doc. 1.)  On April 27, 2023, the magistrate judge filed and entered the Order Denying Defendant's Motion to Dismiss.  (Doc. 32.)  At trial, Defendant moved for a Judgment of Acquittal under Rule 29 of the Federal Rules of Criminal Procedure.  (Doc. 40.)  The Court denied Defendant's motion and found him guilty.  (*Id.*)  Defendant now appeals his conviction and the denial of his motion to dismiss.  For the reasons stated below, the Court **AFFIRMS** the judgment of the magistrate judge for both the motion to dismiss and conviction.

---

[1]  The Court dismissed the Government's video voyeurism claim without prejudice on September 14, 2022 (Doc. 16), after the Government filed a Rule 48 motion to voluntarily dismiss the charge.  (Doc. 15.)

## II.    FACTUAL BACKGROUND

On July 4, 2022, at around 9 p.m., Yosemite National Park Ranger K.H. entered the communal shower facility in the Hodgdon Meadow area with her pet pitbull to take a shower. (Doc. 46 at 96.)  The shower facility adjoins laundry and bathroom facilities.  (*Id.* at 96–97.) K.H. testified that the facilities are "open to everyone in the community."  (*Id.* at 36, 97.)

Loose gravel surrounds the entire shower facility.  (*Id.* at 97.)  The shower facility's exterior lighting, as well as light from nearby buildings, illuminate the area outside the shower facility.  (*Id.* at 99.)  The interior light of the shower facility illuminated the shower stall used by K.H.  (*Id.* at 97.)

While toweling off at the end of her shower, K.H. saw a smartphone placed against the window with its camera pointed toward her.  (*Id.*)  K.H. then immediately ran outside in her towel to investigate but quickly returned to the shower facility to retrieve her dog and tighten her towel after not locating anyone.  (*Id.*)  She then promptly continued her search outside the shower facility.  (*Id.*)  After rounding the corner, K.H. saw Defendant lying under a truck.  (*Id.*) K.H. knew Defendant as a Yosemite buildings and grounds maintenance employee.  (*Id.* at 54, 97.)  K.H. did not see or hear anyone else leave the area from the time she first exited the shower facility to when she located Defendant.  (*Id.*)  K.H. testified that the time between when she saw the smartphone at the window to when she located Defendant under the truck to be "significantly less than a minute" and "between 20 and 30 seconds."  (*Id.* at 11, 98.)

When confronted by K.H., Defendant said "shit" and when asked what he was doing, he stated several times, "I am sorry" and "I couldn't help myself."  (*Id.* at 11–12, 98.)  K.H. instructed Defendant to put his phone on the ground, which he refused, however he did show her a video on his phone that depicted someone approaching the shower window.  (*Id.* at 98.) Defendant then put his phone in his pocket.  (*Id.*)  Defendant and K.H. were approximately eight to 15 feet apart when K.H. saw the video on Defendant's phone.  (*Id.* at 23–24, 26, 98.)  The magistrate judge found K.H. credible in that K.H. reasonably believed Defendant had photographed or videotaped her while she was nude.  (*Id.* at 101.)

In a loud and commanding voice, K.H. accused Defendant of photographing or

videotaping her while showering. (*Id.* at 98.)  The confrontation between K.H. and Defendant was loud enough for Albert England to hear K.H. accuse Defendant of recording her from Mr. England's bedroom window. (*Id.* at 98–99.)  Mr. England's bedroom window faces the shower facility and is located approximately 200 feet from the building. (*Id.* at 99.)  Mr. England testified that the confrontation was "[m]ore than a domestic dispute" and the "shouting that someone was . . . taking pictures [of another person] while they were in the shower" "gave him concern" and "caused him to go to his window." (*Id.* at 47, 99.)

After the confrontation, Defendant walked to his residence, and K.H. went to the trailer of fellow park ranger William Shackley. (*Id.* at 99–100.)  Two days later, Defendant resigned from his maintenance position via email. (*Id.* at 100.)

**III.    PROCEDURAL HISTORY**

On July 14, 2022, the Government filed a criminal complaint charging Defendant with violating 18 U.S.C § 1801(a), video voyeurism, and 36 C.F.R. § 2.34(a)(2), disorderly conduct. (Doc. 1).  On July 19, 2022, the Government filed a Superseding Information charging Defendant with violating 18 U.S.C. § 1801(a), "[i]ntend to capture an image of a private area of an individual without their consent, and knowingly did so under circumstances in which the individual has a reasonable expectation of privacy[.]" (Doc. 3.)  On July 27, 2022, the Government filed a Second Superseding Information charging Defendant with violating 18 U.S.C. § 1801(a), and with violating 36 C.F.R. § 2.34(a)(2), "[c]ommit[ting] an obscene act that was likely to incite an immediate breach of the peace[.]" (Doc. 8.)

After the Court granted the Government's Rule 48 motion to dismiss the video voyeurism charge without prejudice, Defendant filed a Federal Rule of Criminal Procedure 12(b)(1) motion to dismiss the remaining disorderly conduct charge against him on the basis that the regulation was unconstitutionally vague. (Doc. 20.)  The Court denied the motion on April 7, 2023. (Doc. 32.)

On July 10, 2023, the Government filed a Third Superseding Information charging Defendant with violating 36 C.F.R. § 2.34(a)(2), but with different language than in the prior Informations.  The Third Superseding Information now charged Defendant with "disorderly

3

conduct by engaging in an act that was obscene and an act that was done in a manner that was likely to incite an immediate breach of the peace." (Doc. 38) (cleaned up). A bench trial proceeded on August 14, 2023.

At the close of the Government's evidence at trial, Defendant moved for a Judgment of Acquittal under Federal Rule of Criminal Procedure 29. (Doc. 40.) The Court denied Defendant's motion on the basis that there was sufficient evidence to prove beyond a reasonable doubt that "[v]ideotaping at an open window while someone is showering indoors without their consent" is obscene and Defendant acted recklessly while doing so. (Doc. 46 at 75–77.) After denying his Rule 29 motion, the Court found Defendant guilty of violating 36 C.F.R. § 2.34(a)(2). (*Id.* at 101.) While providing an oral judgment, the Court stated that Defendant "committed an act that was obscene and/or committed an act that was done in a manner that was likely to incite an immediate breach of the peace" and "committed the act with intent to cause public alarm, nuisance, jeopardy, or violence, or knowingly and recklessly created a risk thereto." (*Id.*) In its written judgment, the Court confirmed that Defendant was guilty of "disorderly conduct by engaging in an act that was obscene and an act that was done in a manner that was likely to incite an immediate breach of the peace." (Doc. 54) (cleaned up). Upon Defendant's request, the Court provided oral findings of fact pursuant to Federal Rule of Criminal Procedure 23(c). (Doc. 40.) On December 26, 2023, Defendant appealed both his conviction and the denial of his Rule 12 motion to the District Court. (Doc. 58.)

## IV.    LEGAL STANDARD

In reviewing an appeal of a magistrate judge's order or judgment, the district court's review is the "same as an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Accordingly, the magistrate judge's legal conclusions are reviewed de novo, while "findings of fact underlying those conclusions [are reviewed] for clear error." *United States v. Rodriguez*, 518 F.3d 1072, 1076 (9th Cir. 2008) (citations omitted); *United States v. McDermott*, 589 F. App'x 394, 395 (9th Cir. 2015) (same as to district court's review of magistrate court's rulings (citations omitted)). However, "when a defendant 'did not raise [an] issue before the [trial] court, [the appellate court] review[s] for plain error.'" *United*

*States v. Wells*, 29 F.4th 589, 592 (9th Cir. 2022) (internal citation omitted).

Claims of insufficient evidence are reviewed de novo. *United States v. Antonakeas*, 255 F.3d 714, 723 (9th Cir. 2001). "For a challenge to the sufficiency of the evidence following a bench trial," courts review "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Laney*, 881 F.3d 1100, 1106 (9th Cir. 2018) (emphasis in original) (citation omitted). "[T]he essential elements of disorderly conduct under [the regulation] are: (1) using language, an utterance, or a gesture, or engaging in a display or act; (2) that is obscene, physically threatening or menacing, or done in a manner likely to inflict injury or incite an immediate breach of the peace; and (3) having the intent to cause or knowingly or recklessly creating a risk of public alarm, nuisance, jeopardy, or violence." *United States v. Lanning*, 723 F.3d 476, 480 (4th Cir. 2013).

## V.    ANALYSIS

### A. Defendant Waived the Argument that the "Act that is Obscene" Clause is Unconstitutionally Vague as Applied.

Under Rule 12(b)(3), a motion alleging the prosecution's failure to state an offense "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits[.]" Fed. R. Crim. P. 12(b)(3); *see also United States v. Nassif*, 628 F. Supp. 3d 169, 177 (D.D.C. 2022) ("[A charging document] may fail to state an offense in two relevant ways: if the charged statutory provision is unconstitutional . . . or . . . if the offense charged does not apply to the defendant's conduct, . . ." (citations omitted)). To evaluate whether the failure to make a pretrial Rule 12(b)(3) motion makes it untimely, "a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). This good cause standard "often requires developing and analyzing facts to determine whether a defendant has shown good cause for the late filing." *United States v. Guerrero*, 921 F.3d 895, 898 (9th Cir. 2019) (citation omitted). Absent a showing of good cause, "[a] party forfeits a right when it fails to make a timely assertion of that right and waives a right when it is intentionally relinquished or abandoned. . . . Forfeited rights are reviewable for plain error, while

waived rights are not." *United States v. Wells*, 879 F.3d 900, 931 n.15 (9th Cir. 2018) (citations omitted). In *Wells*, the Ninth Circuit found the defendant had waived his rights to raise a new due process violation claim on appeal because in his pretrial briefing, the defendant stated: "[t]he government's arguments regarding a due process violation based on malicious destruction of evidence *are not on point since Mr. Wells is not raising a due process violation*." (*Id.*) (emphasis in original).

Defendant did not raise in his pretrial motion to dismiss that the "obscene act" language in 36 C.F.R. § 2.34(a)(2) is unconstitutionally vague. *See generally* (Doc. 20.) Such a claim could have been determined without a trial on the merits. Moreover, not only has Defendant provided no facts that would indicate good cause for failing to raise this claim in a pretrial motion, but he also intentionally relinquished the argument in his motion to dismiss. In distinguishing his claim from the defendant in *Lanning*, 723 F.3d at 482, who argued that the same obscenity language was unconstitutionally vague, Defendant clarified that "[his] challenge differs from [*Lanning*] because he is specifically attacking the 'immediate breach of the peace' portion of the regulation as vague, . . ." (Doc. 20 at 6.) Defendant does not dispute this but makes the conclusory claim that "by renewing the prior motion as part of the broader Rule 29 motion, and incorporating the arguments therein by reference, [he] was neither cabined to those arguments, nor was he required to expressly reiterate each of those arguments." (Doc. 69 at 3.) However, Defendant did not allege that the obscenity clause was vague in his Rule 29 motion, nor did he claim that obscenity must be limited to expressive materials or sexual acts. *See generally* (*id.* at 59–69.) In fact, it is only his arguments regarding the "act done in a manner that is likely to incite an immediate breach of the peace" clause, which Defendant states "somewhat dovetail with the arguments raised in the previously filed motion to dismiss." (*Id.* at 62.) Even so, Defendant does not explain how an argument raised in a post-trial Rule 29 motion would retroactively become a timely pretrial claim.

Accordingly, Defendant has waived his right to argue the "act that is obscene" clause is unconstitutionally vague.

///

**B. Defendant's Vagueness Challenge to the "Act that is Obscene" Clause Fails on the Merits.**

1. The Magistrate Judge Did Not Plainly Err in Finding 36 C.F.R. § 2.34(a)(2) was not Vague as Applied to Defendant.

Even if Defendant had not waived his vagueness challenge to the obscenity language, his attempt to raise it now would fail on the merits. The ordinary rule outside a Rule 12 motion is that arguments raised for the first time on appeal are reviewed for plain error. *See Guerrero*, 921 F.3d at 897–898; *see also* Fed. R. Crim. P. 52(b). There are four parts to plain-error review. "First, there must be an error or defect—some sort of 'deviation from a legal rule'—that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively waived by the appellant." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citation omitted). "Second, the legal error must be clear or obvious, rather than subject to reasonable dispute." (*Id.*) (citation omitted). "Third, the error must have affected the appellant's substantial rights," which usually "means he must demonstrate that it affected the outcome of the district court proceedings." (*Id.*) (internal quotation marks omitted). Fourth, if the first three prongs are satisfied, then "the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." (*Id.*) (citation, internal alternations, and internal quotation marks omitted) (emphasis in original).

When analyzing whether a statute is impermissibly vague, "the touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *United States v. Lanier*, 520 U.S. 259, 267 (1997). A criminal statute is impermissibly vague if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *U.S. v. Williams*, 553 U.S. 285, 304 (2007). When a defendant brings forth an as-applied challenge, but does not argue that his First Amendment rights are at issue, the court "need only examine the vagueness challenge under the facts of the particular case and decide whether, under a reasonable construction of the statute, the conduct in question is prohibited." *United States v. Agront*, 773 F.3d 192, 195 (9th Cir. 2014) (citation omitted).

7

Generally, "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Kashem v. Barr*, 941 F.3d 358, 375 (9th Cir, 2019) (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982)). "Thus, as a general matter, a defendant who cannot sustain an as-applied vagueness challenge to a statute cannot be the one to make a facial vagueness challenge to the statute." *Kashem*, 941 F.3d at 375. "Under plain error review, any vagueness must be 'so clear-cut, so obvious, a competent district judge should be able to avoid it without the benefit of objection.'" *United States v. Reynolds*, 2023 WL 5607527, at *1 (9th Cir. Aug. 30, 2023) (quoting *United States v. Matus-Zayas*, 655 F.3d 1092, 1098 (9th Cir. 2011)).

Despite analyzing the definition of "obscene material" under First Amendment jurisprudence, Defendant does not argue that his actions are protected under the First Amendment. (Doc. 69 at 8.)  Instead, Defendant argues that only obscene expressive materials (e.g., certain hardcore pornography) or obscene sexual acts (e.g., public sex or masturbation) can constitute obscenity under 36 C.F.R. § 2.34(a)(2).

"Where the statute does not define the relevant terms, [courts] give them 'their ordinary, contemporary, common meaning' and 'may consult dictionary definitions." *City of Los Angeles v. Barr*, 941 F.3d 931, 940 (9th Cir. 2019) (citation omitted).  Black's Law Dictionary defines obscene as "[e]xtremely offensive under contemporary community standards of morality and decency; grossly repugnant to the generally accepted notions of what is appropriate." OBSCENE, Black's Law Dictionary (12th ed. 2024).  Applying this definition, the magistrate judge found "[i]t is axiomatic that contemporary community standards of morality and decency afford people with an expectation of privacy while they are showering inside a shower facility and do not expect to be recorded or attempted to be recorded." (Doc. 32 at 5.)  Following this standard, the Court finds the magistrate judge applied an appropriate definition of obscenity and did not plainly err in finding Defendant's conduct obscene.  The Court agrees with the magistrate judge's findings that Defendant's conduct was akin to that of a "Peeping Tom", which has long been deemed repugnant.  (*Id.*); *see also* Stuart P. Green, To See and Be Seen: Reconstructing the Law of Voyeurism and Exhibitionism, 55 Am. Crim. L. Rev. 203, 209 (2018) (explaining that

8

prior to the twentieth century, English common law prosecuted "the crime of peeping" under the more "general rubric of trespass, disorderly conduct, or breach of the peace.")

The Court is unpersuaded by Defendant's claim that applying a "generic disorderly conduct law" may be problematic due to their potential to be vague and overbroad. Defendant has not provided sufficient evidence that the magistrate judge plainly erred in finding the regulation as applied to him was not vague. *See* (Doc. 65 at 15.) Instead, Defendant cites to two out of circuit cases, respectively finding the crime of "lewd, indecent, or obscene acts" unconstitutionally vague, and that voyeurism could not be classified as disorderly conduct under a D.C. statute. *See* (*id.*) However, the Government also cites several state disorderly conduct statutes that include voyeurism. *See* (Doc. 68 at 25.)

Accordingly, the magistrate judge's finding that Defendant's conduct was disorderly is not such an obvious error that this Court should reverse. Because Defendant's as-applied challenge fails, the Court need not address his facial challenge.

2.    Defendant's Vagueness Challenge Still Fails under a De Novo Review

Even if the Court agreed with Defendant's assertion that he timely raised his vagueness challenge to the "act that is obscene" clause, his claim would still fail under a de novo review. As stated above, "[w]here the statute does not define the relevant terms, [courts] give them 'their ordinary, contemporary, common meaning' and 'may consult dictionary definitions." *Barr*, 941 F.3d at 940. Applying a de novo review, the Court looks to Black's Law Dictionary and comes to the same conclusion as the magistrate judge. *See* (*supra* at 8.)

Moreover, even if the Court adopted the restrictions proposed by Defendant that obscenity requires a sexual act, Defendant's conduct is clearly sexual. *See* (Doc. 69 at 4.) As explained by the magistrate judge, "[v]ideotaping at an open window while someone is showering indoors without their consent appeals to prurient interests." (Doc. 46 at 75–76.) Merely looking at or attempting to record, without actually recording, does not make the act any less sexual in nature. *See Walderbach v. Rompot*, 995 N.W.2d 121 (Iowa Ct. App. 2023) (finding it self-evident that spying on a neighbor with binoculars appealed to prurient purposes). Thus, under Defendant's own definition, his conduct is still obscene and 36 C.F.R. § 2.34(a)(2) is not be vague as applied.

9

**C. Defendant's Vagueness Challenge to the "Done in a Manner that was Likely to Incite an Immediate Breach of the Peace" Clause Fails on the Merits.**

Unlike his vagueness challenge to the "act that is obscene" clause, Defendant timely raised his vagueness challenge to the "done in a manner that was likely to incite an immediate breach of the peace" clause. *See* (Doc. 20 at 6–10.)  As a result, the Court reviews this claim de novo.

In *United States v. Coutchavlis*, the Ninth Circuit determined that 36 C.F.R. § 2.34(a)(2) as a whole was not constitutionally vague because it "contained only 'common words', easily understandable by 'people of ordinary intelligence'" which, "are not so obscure that they require any special skill to interpret." 260 F.3d 1149, 1155 (9th Cir. 2001) (quoting *Hill v. Colorado*, 530 U.S. 703, 732 (2000)).  Even so, Defendant argues that the "incite an immediate breach of the peace" clause is vague because it is not defined in the regulation and is not easily understood when applied to non-expressive conduct. (Doc. 65 at 16.)  However, this claim is inapposite with court precedent, legislative history, and a plain reading of the regulation.

The Ninth Circuit has established that the "incite an immediate breach of the peace" portion of the regulation closely tracks with "fighting words" as defined by the Supreme Court in *Chaplinksy v. New Hampshire*, 315 U.S. 568, 572 (1942).  *United States v. Poocha*, 259 F.3d 1077, 1080 (9th Cir. 2001).  In *Chaplinsky*, the Court defined "fighting words" as "those which by their very utterance inflict injury or tend to incite an immediate breach of the peace." 315 U.S. at 572.  Notably, the Court included words that "have a direct tendency to cause acts of violence by the person to whom, individually, the remark is addressed." (*Id.* at 573); *see also Gooding v. Wilson*, 405 U.S. 518, 524 (1972) (same).  Furthermore, the Supreme Court also found in *Cantwell v. State of Connecticut*, that "[t]he offense known as breach of the peace embraces a great variety of conduct . . . [and] includes not only violent acts but acts and words likely to produce violence in others." 310 U.S. 296, 308 (1940).  Numerous courts have found the act of "peeping" and other obscene acts constitute a breach of the peace. *See e.g.*, *Com v. LePore*, 666 N.E.2d 152, 156 (Mass. App. Ct. 1996) (finding "peeping Tom" conduct to be a breach of the peace and a violation of the disorderly conduct statute); *U.S. v. Lanen*, 716 F. Supp. 208, 210–211

(D. Md. 1989) (finding the act of exposing oneself in a public restroom to be disorderly conduct under 36 C.F.R. § 2.34(a)(2)).

"Where a statute does not expressly define a term of settled meaning, 'courts interpreting the statue must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of that term.'" *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1074 (9th Cir. 2008) (modifications in original omitted and citations omitted).  The Ninth Circuit has acknowledged that at least one court found that 36 C.F.R. § 2.34(a)(2) "is designed to prohibit speech that incites violence or 'presents a clear and present danger.'" *Poocha*, 259 F.3d at 1080 (quoting *United States v. Chung Lee*, 1991 WL 1934222, at *2 (E.D. Pa. Sept. 20, 1991)). Additionally, the General Regulations for Areas Administered by the National Park Service, 48 FR 30252-01 (1983), notes that 36 C.F.R. § 2.34(a)(2) "has been written to provide for protected speech activities, while forbidding actions that are obscene, physically threatening, or constitute 'fighting words'—those that result in a "clear and present danger" of violence or physical harm." There is no indication that such forbidden actions are limited to expressive conduct.

Furthermore, a plain reading of the regulation indicates that a non-expressive act can constitute an immediate breach of the peace.  Subsection two of the regulation is structured so that the first portion ("[u]ses language, an utterance, or gesture, or engages in a display or act) modifies the second portion ("obscene, physically threatening or menacing, or done in a manner that is likely to inflict or incite an immediate breach of the peace.")  The Fourth Circuit in *Lanning* divided the subsection in the same manner.  723 F.3d at 480.  Moreover, the Court agrees with the Government that "while 'gesture,' and engaging in a display may often inherently be expressive in nature, there is no such natural limitation on 'acts.'"  (Doc. 68 at 29.)

Because a non-expressive act may incite an immediate breach of the peace, the Court finds that the regulation is not vague as applied to Defendant.  Using a smartphone camera to record someone while showering is reasonably likely to incite a violent response from the individual being filmed.  Not only does traditional voyeurism likely incite an immediate breach of the peace, but that likelihood is increased with the use of a smartphone, because smartphones allow for instant and widespread dissemination of photos and videos.  Also, Defendant's

11

argument that he "would have no idea whether his conduct was done in a manner likely to cause a breach of the peace" (Doc. 65 at 17) is contradicted by the fact that he hid under a truck to avoid a confrontation with K.H.

Defendant also states that the "done in a manner" clause "deepens the vagueness problem by giving officers even greater discretion when deciding what kind of acts are done in a manner that is prohibited," but he does not provide any explanation or reasoning for that conclusion.  (*Id.*) Because Defendant's as-applied challenge fails, the Court need not address his facial challenge.

**D. There is Sufficient Evidence to Hold Defendant Guilty of Disorderly Conduct**

As stated above, Defendant's conduct was obscene under a de novo review.  *See* (*supra*, at 9.)  Using a smartphone camera to record someone while showering is obscene under any 'obscenity' definition.  Thus, a rational trier of fact could find that his conduct was obscene beyond a reasonable doubt.  The Court now reviews whether there is sufficient evidence to find Defendant acted recklessly in creating a risk of public alarm, nuisance, jeopardy or violence.

"[T]he relevant inquiry in finding recklessness [] is whether the defendant deliberately disregarded a substantial and unjustifiable risk of creating a hazardous or physically offensive condition of which they were aware."  *U.S. v. Albers*, 226 F.3d 989, 995 (9th Cir. 2000).  Because attempting to record someone while showering is likely to incite a breach of the peace, Defendant disregarded a clear risk by pressing his smartphone against the well-lit communal shower window without a means to avoid detection.  Defendant knew that his conduct carried a risk of confrontation because he hid underneath a truck and told K.H. that he could not help himself.  *See U.S. v. Mather*, 902 F. Supp. 560, 564 (E.D. Pa. 1995) (finding defendants' efforts to avoid detection "demonstrates [defendants'] subjective awareness of the risk of public alarm that they created.")  Defendant's claim that he did not intend to get caught only further proves this point. *See* (*id.*) (same).  The Court is not persuaded by Defendant's argument that he believed there was a low likelihood of being caught because the events occurred at night on a holiday.  Defendant's conduct occurred in a public park at a communal shower facility open to park employees. "[W]here conduct occurs in a public area of a national park, the mens rea requirement is met regardless of the presence of other individuals because a defendant knows there is always a risk

that other persons could pass by and become alarmed or jeopardized by the conduct." *United States v. Marquez*, 979 F. Supp. 2d 326, 334 (E.D.N.Y. 2013).  Accordingly, a rational trier of fact could find Defendant's conduct recklessly caused public alarm, nuisance, jeopardy, or violence beyond a reasonable doubt.

**E.  The Magistrate Judge Properly Provided Defendant with its Specific Findings of Fact and Legal Conclusions.**

In his opening brief, Defendant claims that the magistrate judge reciting the elements of disorderly conduct as they appeared in the Government's charging document is evidence of the regulation's vagueness.  *See* (Doc. 65 at 18–19.)  Specifically, Defendant takes issue with the fact that the magistrate judge at trial found that he had "committed an act that was obscene *and/or* committed an act that was done in a manner that was likely to incite an immediate breach of the peace" with either "intent to cause public alarm, nuisance, jeopardy, or violence, *or* knowingly and recklessly creating a risk thereto." *See* (*id.*); *see also* (Doc. 46 at 101) (emphasis added).  Defendant claims that merely reciting the statutory language of 36 C.F.R. § 2.34(a)(2), rather than "specify[ing] which of the bases were satisfied for either the actus reas or the mens rea elements" underscores the regulation's vagueness.  The Court does not understand, and Defendant does not explain, how reciting the elements sufficient to convict under the regulation contributes to its alleged vagueness.

Seemingly realizing this incongruence, Defendant changes his position in his reply brief to instead argue that the magistrate judge committed a reversible error by "not specify[ing] what exactly it found [Defendant] to have violated . . ." (Doc. 69 at 9.)  However, the magistrate judge, in ruling on Defendant's Rule 29 motion, provided the exact legal conclusions and factual bases for Defendant's conviction.  With regards to the actus reus element, the magistrate judge concluded Defendant's conduct was equivalent to a "Peeping Tom" because "[v]ideotaping at an open window while someone is showering indoors without their consent appeals to prurient interests." (Doc. 46 at 75–76.)  With regards to the mens rea element, the magistrate judge found that Defendant knowingly acted reckless when he hid underneath a truck and apologized to K.H. (*Id.* at 77.)

Defendant mistakenly relies on Rule 23(c)'s requirement that "the court must state its specific findings of fact[,]" but nowhere in that rule does it say that a court must also state its legal conclusions.  Defendant conclusorily asserts that the "Court cannot rely on extraneous statements made earlier in the proceedings to guess at what facts the magistrate judge found sufficient for its ultimate finding of guilt[,]" but the Court need not guess. Upon Defendant's request, the magistrate judge provided a lengthy resuscitation of its factual findings that formed the basis of the conviction.  (*Id.* at 94–103.)

**F.  The Government Properly Brought Charges under 36 C.F.R. § 2.34(a)(2).**

Finally, Defendant argues that his conduct does not fall under the regulation because of the existence of 18 U.S.C § 1801(a), the statute proscribing video voyeurism.  *See* (Doc. 69 at 5.) The Government argues that this claim was brought for the first time on appeal, but Defendant asserts that he raised the issue in his motion to dismiss.  *See* (Docs. 68 at 25–26; 69 at 4–5.)  The Court is not convinced that Defendant sufficiently raised this claim in his motion to dismiss through merely noting that the regulation "is a catch-all criminal provision that encourages arbitrary enforcement because a wide assortment of conduct can be addressed by it" and that "the regulation does not clearly prohibit the conduct that is alleged here." (Doc. 20 at 9.)  Those statements were in furtherance of Defendant's claim that 36 C.F.R. § 2.34(a)(2) was vague as applied because it did not give him notice that his specific conduct was covered by the regulation, not a standalone claim that the charge is invalid due to the existence of another on point statute. At best, this argument was made in passing, but that is not sufficient to be considered timely. *See United States v. Hussain*, 972 F.3d 1138, 1146 (9th Cir. 2020) (finding an argument waived where "barely raised . . . in passing" before lower court that "did not address it.")

Defendant also claims that he raised this argument again during his Rule 29 motion. Regardless of whether this argument was raised in the Rule 29 motion, or for the first time on appeal, Defendant should have raised it fully in his motion to dismiss because the basis for the claim was reasonably available then and could have been resolved without a trial on the merits. Fed. R. Crim. P. 12(b)(3).  However, unlike Defendant's challenge to the "act that is obscene" clause, there is no indication that he intentionally abandoned this claim.  Thus, without good

cause, Defendant has forfeited his argument that the Government cannot charge him with violating the regulation because 18 U.S.C § 1801(a) exists.  Consequently, this claim is reviewed for plain error.

As stated above, a finding of plain error requires that "the legal error must be clear or obvious, rather than subject to reasonable dispute." *Puckett*, 556 U.S. at 135.  Defendant asserts that "[w]hen a specific on-point criminal statute that directly prohibits certain conduct exists, the Government cannot prosecute under a broader statute that does not directly encompass a defendant's conduct." (Doc. 69 at 5.)  However, by Defendant's own admission, his charged conduct was not video voyeurism, but attempted video voyeurism for which there is no specific federal statute. (*Id.* at 6.)  Because there is insufficient evidence that Defendant in fact recorded K.H., 18 U.S.C § 1801(a) does not apply to his conduct, and the Government acted prudently in dismissing the charge.  Nevertheless, there is sufficient evidence to convict Defendant under 36 C.F.R. § 2.34(a)(2). As a result, the magistrate judge did not plainly err in finding Defendant guilty of the regulation.

## VI.   CONCLUSION

For the reasons explained above, the Court **ORDERS**:

1. The judgment of the magistrate judge denying Defendant's motion to dismiss (Doc. 32) and finding him guilty of violating 36 C.F.R. § 2.34(a)(2) (Doc. 40) is **AFFIRMED**.

IT IS SO ORDERED.

Dated:   **February 19, 2026**

UNITED STATES DISTRICT JUDGE